UNITED STATES LEAGUE OF
SAVINGS ASSOCIATION

v.

DEPOSITORY INSTITUTIONS DEREG-
ULATION COMMITTEE, et
al., Appellants.

No. 81–2059.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 5, 1982.

Decided June 17, 1983.

Peter J. Wallison, Gen. Counsel, Wash-ington, D.C., Dept. of Treasury and Deposi-tory Institutions Deregulation Committee of the Bar of the District of Columbia Court of Appeals pro hac vice by special leave of Court with whom Charles F.C. Ruff, U.S. Atty., Washington, D.C., at the time the brief was filed; Robert E. Kopp and Freddi Lipstein, Attys., Dept. of Justice, and J. Virgil Mattingly, Jr., Associate Gen. Coun-sel, Board of Governors of the Federal Re-serve System, Washington, D.C., were on the brief, for appellants. Anthony J. Stein-meyer and Michael F. Hertz, Attys., Dept. of Justice, Washington, D.C., also entered appearances for appellants.

Daniel J. Goldberg, Washington, D.C., with whom Matthew G. Ash, Washington, D.C., was on the brief for appellee.

James J. Butera was on the brief for amicus curiae, National Association of Mu-tual Savings Banks, urging affirmance.

Before ROBB and MacKINNON, Senior Circuit Judges, and HAROLD H. GREENE,* Judge, United States District Court for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

This case involves the question whether the Depository Institutions Deregulation Committee (DIDC) has the authority to is-sue a regulation which would eliminate in-terest rate ceilings applicable to certain cat-egories of time deposits at federally insured commercial banks and thrift institutions. The district court struck down the regula-tion challenged in this action,[1] holding that the DIDC's general authority to phase out

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. On June 25, 1981, the DIDC adopted so-called Rule 115, 12 C.F.R. § 1204.115, entitled "Phase Out of Ceiling Rates on All Time Deposits,"

which provides for a scheduled phase-out and the ultimate elimination of all interest rate ceil-ings applicable to time deposits at federally insured depository institutions.

interest rate ceilings under the Depository Institutions Deregulation and Monetary Control Act of 1980 (1980 Act)[2] was limited by section 102 of Pub.L. No. 94–200 (1975 Act).[3] Construing the two statutes together, the district court held that both interest rate ceilings and differentials on protected accounts must be maintained through March 31, 1986.[4]

Subsequent to the district court's decision, however, Congress enacted the Garn-St. Germain Depository Institutions Act of 1982, Pub.L. No. 97–320, section 326(a) of which specifically provides that "section 102 of [the 1975 Act] is repealed." Thus, applying the law as it now exists,[5] the validity of Rule 115 depends not upon a determination of whether the DIDC's actions are barred by the 1975 Act but rather upon whether interest rate ceilings on protected accounts may be eliminated under the new statutory scheme.[6] Accordingly, this case is remanded to the district court to enable it to make such a determination.

*So ordered.*

**2.** 12 U.S.C. § 3501 *et seq.* The Act established the DIDC and charged it with the responsibility of eliminating interest rate controls "as soon as economically feasible," 12 U.S.C. § 3501(a), but not later than March 31, 1986.

**3.** Under section 102(a) of the 1975 Act, the several financial regulatory agencies were prohibited from eliminating or reducing interest rate differentials on any category of account existing on December 10, 1975 unless Congress was given prior written notification and approval was obtained from the House and the Senate acting by concurrent resolution. Such approval was not obtained when the DIDC adopted Rule 115.

**4.** Section 207(b)(1) of the 1980 Act provides that section 102 of the 1975 Act was repealed as of March 31, 1986.

**5.** See, *e.g., Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879, n. 16, 69 L.Ed.2d 784 (1980).

**6.** In particular, a determination will need to be made on the issue whether section 326(d) requires interest rate ceilings to be maintained on protected accounts. Relevant to a resolution of that issue may be *inter alia* the DIDC's official interpretation of the statute, and whether for some category of accounts Rule 115 proposes to establish interest rate ceilings which differ from the highest rate existing immediately prior to the elimination of the interest rate differential.